UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DWAYNE LEE McCORMICK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY COMMISSIONER BRENT REINKEY; SHERIFF TOM CARTER; CAPT. DOUGLAS HUGHES; LT. CHRISTOPHER HOGAN; SGT. JUSTIN KIMBALL; CORP. REBECCA COFFMAN; DEP. SETH BOWEN; and JOHN AND JANE DOES,<br><br>　　　　　Defendants. | Case No. 1:21–cv-00454-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　Plaintiff Dwayne Lee McCormick is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *Init. Rev. Order*, Dkt. 9.

　　　Plaintiff has now filed a Second Amended Complaint. *See* Dkt. 10. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having screened the Second Amended Complaint, the Court enters the following order allowing Plaintiff to proceed with some of his claims.

1.     **Screening Requirement and Pleading Standard**

As the Court explained in its Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

2.     **Discussion**

Plaintiff alleges that the Twin Falls County Jail has an unconstitutional policy prohibiting books from being sent directly to inmates. According to Plaintiff, jail officials do not enforce this policy in a consistent manner, which results in different treatment of similarly situated inmates. Plaintiff himself was injured by this policy when his fiancée sent him a book or other document, and jail staff did not deliver it to Plaintiff.

Plaintiff asserts his claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Inmates enjoy a First Amendment right to send and receive mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). The Fourteenth Amendment prohibits the government from depriving an individual of life, liberty, or property without due process. *See, e.g., Wolff v. McDonnell*, 418 U.S. 539, 558–66 (1974); *see Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) (the "essence of due process" is notice and an opportunity to be heard). That amendment also guarantees equal protection and protects an individual person from being treated differently from similarly situated persons if the government does not have a rational basis for the dissimilar treatment.[1] *Vermouth v. Corrothers*, 827 F.2d 599, 602 (9th Cir. 1987).

Claims challenging jail or prison policies are analyzed under the standards set forth in *Turner v. Safley*, 482 U.S. 78 (1987)—a jail or prison regulation passes constitutional muster so long as it is "reasonably related to legitimate penological interests." *Id.* at 89. The four factors a Court must examine under *Turner* are (1) whether there is a "rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) whether "there are alternative means of exercising the right that

---

[1] If the plaintiff is a member of a suspect or quasi-suspect class—which is based on characteristics such as race, national origin, or sex—a higher level of scrutiny applies. *See City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440 (1985).

remain open to prison inmates"; (3) what "impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether "ready alternatives" at a "de minimis cost" exist, which "may be evidence that the regulation is not reasonable, but is an exaggerated response to prison concerns." *Id.* at 89–93. To show a rational connection between the regulation and the legitimate government interest behind it, jail officials "need merely put forward a legitimate government interest and provide some evidence that the interest put forward is the actual reason for the regulation." *Casey v. Lewis*, 4 F.3d 1516, 1520–21 (9th Cir. 1993) (internal quotation marks and citations omitted).

In its Initial Review Order, the Court noted that the policy Plaintiff challenges here appeared to satisfy the *Turner* test because "prohibiting books being sent directly to inmates, but instead requiring them to be sent to the jail library, is reasonably related to the legitimate—indeed, the compelling—interest in jail security and safety." Dkt. 9 at 9. However, Plaintiff has now alleged that the penological interest presented by jail officials is not the actual reason for the policy.

Jail officials informed Plaintiff during the jail grievance process that the reason for the policy is that, in the past, books sent directly to inmates were "destroyed by other people incarcerated" or by the recipients of the books. Dkt. 10 at 16. But Plaintiff alleges that the real reason is that previously, when books *were* permitted to be sent directly to inmates, one inmate threw "a fit over his books being taken" away and attempted "to seek compensation" from jail officials. *Id*. at 11. Plaintiff claims that officials implemented the policy "to cover them from potential liability from one inmate's meritless tort claim." *Id*.

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 4

Given that the penological interest offered by Defendants during the grievance process may not be the actual reason for the regulation, Plaintiff has plausibly alleged that the jail's book policy is not reasonably related to a legitimate penological interest. *See Casey*, 4 F.3d at 1520–21.

Accordingly, Plaintiff may proceed on his First Amendment claims, as well as his due process and equal protection claims.

However, for the reasons stated in the Initial Review Order, Plaintiff's Eighth Amendment claims are implausible and must be dismissed. *See* Dkt. 9 at 12–14. Plaintiff has not plausibly alleged that being denied his fiancée's document or book caused "the wanton and unnecessary infliction of pain," resulted in "unquestioned and serious deprivation of basic human needs," or constituted a denial of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

## CONCLUSION

Plaintiff may proceed as outlined above. This Order does not guarantee that Plaintiff's claims will be successful. Rather, it merely finds that they are plausible, meaning that they will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[2] Because (1) inmate filings must be afforded a

---

[2] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Second Amended Complaint under §§ 1915 and 1915A. Therefore,

liberal construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as non-exhaustion or entitlement to qualified immunity.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Second Amended Complaint (Dkt. 11) is GRANTED.

2. Defendants will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Second Amended Complaint (Dkt. 10), a copy of this Order, and a Waiver of Service of Summons to **Grant P. Loebs, Twin Falls County Prosecuting Attorney, 425 Shoshone St. North, Third Floor, Twin Falls Idaho, 83303-0126**.

3. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former

---

motions to dismiss for failure to state a claim are disfavored in cases subject to §§ 1915 and 1915A and may be filed only in extraordinary circumstances.

employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, identifying the individuals for whom service will not be waived.

4. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or for certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them may be dismissed without prejudice without further notice.

5. Unless otherwise ordered, the parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

6. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

7. Dispositive motions must be filed by the later of (a) 300 days after entry of this Order or (b) 300 days after entry of an order denying all or part of a preliminary Rule 12(b) or Rule 56 motion.

8. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner

of service, date of service, address of service, and name of person upon whom service was made.

9. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

11. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the

moving party unfiled.

12. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

13. Pursuant to General Order 324, this action is hereby RETURNED to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: December 1, 2022

_____
David C. Nye
Chief U.S. District Court Judge